542

Juan GAYTAN–MARISCAL;
et al., Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74876.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Husband and wife Juan Gaytan–Mariscal and Ofelia Hernandez–Martin, and their daughters Mayra Leticia Gaytan–Hernandez and Erika Fabiola Gaytan–Hernandez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

■ To the extent the evidence presented with petitioners' motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal, we lack jurisdiction to review the BIA's determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006) (holding that if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8 U.S.C.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1252(a)(2)(B)(I) bars this court from revisiting the merits).

■ Petitioners' contention that the BIA violated their due process rights by disregarding their new evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

■ To the extent the motion to reopen contained evidence of an entirely new basis for hardship, *see Fernandez,* 439 F.3d at 602, the BIA did not abuse its discretion by denying the motion to reopen, because the BIA considered the evidence and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening, *see Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).